GRIGNON, J., Dissenting.
In my view, defendants have waived the statutory right to have punitive damages tried to the same jury which determined her liability, by failing to object to the discharge of the jury prior to the punitive damage phase of the trial. Plaintiff is entitled to present his evidence on the amount of punitive damages. This issue is controlled by our Supreme Court’s decision in People v. Saunders (1993) 5 Cal.4th 580 [20 Cal.Rptr.2d 638, 853 P.2d 1093]. In Saunders, a criminal defendant was held to have waived his statutory right to have prior felony conviction allegations tried to the same jury which determined his guilt of the underlying offenses in a bifurcated trial, by failing to object to the discharge of the jury before trial on the prior felony conviction allegations.
The facts in this case are not in dispute. Rudy Lee Bullen and Esther Maria Bullen sued the City of El Monte and two of its police officers, George Mendoza and Michelle States, for personal injuries. Plaintiffs sought compensatory damages against all defendants and punitive damages against the police officers. Upon the pretrial request of the defense, evidence of the police officers’ financial condition was excluded until such time as the jury found one or both of the officers had acted with malice, oppression or fraud.
On March 3, 1994, trial of the liability phase by jury commenced before Judge Richard Van Dusen. On March 17,1994, the jury began deliberations. The jury arrived at a verdict in the first phase at approximately 5 p.m. on March 22, 1994. Judge Van Dusen was unavailable and, therefore, Judge Peter Meeka presided over the taking of the verdict. Prior to taking the verdict, Judge Meeka inquired of the court clerk whether the trial had been bifurcated; the court clerk incorrectly informed Judge Meeka there had been no bifurcation. The jury rendered a verdict in favor of all defendants against Esther Maria Bullen. The jury found in favor of Rudy Lee Bullen against all defendants and awarded him $30,000 in compensatory damages. The jury further found that Officer States had committed a battery on Rudy Bullen by use of unreasonable or excessive force and had acted with malice, oppression or fraud, warranting the imposition of punitive damages.
After the verdict was read, Judge Meeka inquired if there were any other matters before he discharged the jury. Counsel for plaintiffs requested that the jurors be advised that they were permitted to speak to counsel if they so desired. The jury was so informed. Judge Meeka again inquired whether *282 there were any other matters before he discharged the jury. Defense counsel requested that the jurors be polled. The jurors were polled. Thereafter, Judge Meeka discharged the jury. After the jurors were excused, counsel and Judge Meeka had a brief conversation concerning exhibits. Once again, Judge Meeka asked if there was anything further; defense counsel stated, “Nothing further.”
All the jurors left except one, who stayed to speak to counsel. As the jurors left the courtroom, plaintiffs’ counsel suddenly realized the jury should not have been discharged, because the punitive damage phase of the trial was still pending. Plaintiffs’ counsel immediately notified defense counsel, who did not respond. Plaintiffs’ counsel notified the court clerk, but Judge Meeka was gone and the courtroom was closed. On the next day, March 23, 1994, plaintiffs’ counsel reviewed his records and confirmed punitive damages had been bifurcated. One day later, on March 24, 1994, plaintiffs’ counsel informed Judge Meeka’s clerk of the problem. Both counsel met that same day with Judge Meeka in chambers to discuss the problem.
On March 28,1994, plaintiff Rudy Bullen moved for a directed verdict for a specified amount of punitive damages “or, in the alternative, for a mistrial or that the jury be reconvened.” Defendants opposed the motion. A hearing was held on May 5, 1994, before Judge Van Dusen. Judge Van Dusen determined that the failure to advise Judge Meeka the trial had been bifurcated was inadvertent and to the extent it was intentional on the part of defense counsel, it would be unfair to permit defendant to take advantage of the situation. Judge Van Dusen explained: “[I’m n]ot really granting a mistrial. I’m really saying I believe that portion of the trial has not been completed yet. An error was made by the various parties. They allowed the jury to leave without deciding that[. I]t was simply a mistake. TTie judge who was handling it was not the judge who handled the case all the way through. It was somebody else. H] He inquired; he got the wrong information. He inquired again and still got the wrong information. And it’s certainly not his fault. He was trying to find out, but did not know and cannot look in the file. None of the [two] counsel who were present notified that judge. As far as I’m concerned, it’s not a mistrial. The trial is not completed yet.”
Judge Van Dusen ordered: Plaintiff’s motion for a directed verdict is denied. “The court hereby Orders that trial in the within action be resumed, and that, pursuant to Civil Code § 3295, ‘Phase* IF of said trial, on the issue of the determination of the reasonable amount of punitive damages to be imposed against the defendant, Michelle States, be conducted to its conclusion, either as a court trial, with the court acting as the trier of fact on *283 the issue of the amount of punitive damages to be imposed; or, as a jury trial before a new and different jury to be convened for the purpose of adjudicating ‘Phase IF of these proceedings.”
Civil Code section 3295, subdivision (d) requires a court to bifurcate the trial of the amount of the punitive damage award from the remainder of the trial upon application of the defendant; the same trier of fact must determine the amount of punitive damages as determined liability and the existence of “malice, oppression, or fraud.” Although a defendant has a statutory right to have the same jury which determined liability determine punitive damages, a defendant may impliedly waive this statutory right by failing to timely object to a different procedure. (Medo v. Superior Court (1988) 205 Cal.App.3d 64, 69-70 [251 Cal.Rptr. 924].)
In Medo, the trial court bifurcated the punitive damage phase of the trial; for the convenience of the jury, the trial court ordered the two phases to be tried by separate juries. Defendant did not timely object to the procedure. Nor did defendant object when the first jury was discharged after returning a verdict in the first phase of the trial on liability and compensatory damages. The Court of Appeal concluded that defendant had waived its right to have the punitive damage phase tried by the same jury which determined liability and compensatory damages. Although recognizing the legislative purpose of the single jury requirement, the appellate court concluded plaintiffs “should not be deprived of the first jury’s finding of liability. That does not mean that evidence of conduct upon which liability was determined may not be presented to the second jury; it means only that the second jury may not again determine liability or the amount of compensatory damages.” (Medo v. Superior Court, supra, 205 Cal.App.3d at p. 70.)
Our Supreme Court has applied waiver to a criminal defendant’s right to have the same jury which determined his or her guilt determine the truth or falsity of prior felony conviction allegations. (People v. Saunders, supra, 5 Cal.4th 580.) Saunders had been charged with various crimes and prior felony convictions had been alleged. At the request of the defense, the trial court bifurcated the trial of the underlying criminal offenses from the trial of the prior felony conviction allegations. Pursuant to Penal Code section 1025, Saunders had the right to have the truth or falsity of the prior conviction allegations determined by the same jury which determined his guilt. The jury returned a verdict of guilt and was discharged without having determined the prior conviction allegations and without Saunders waiving his right to a jury trial on the priors. Saunders did not object to the discharge of the jury. The next day Saunders waived his right to a jury and the allegations were found to be true after a court trial. Thereafter, Saunders was permitted to withdraw *284 his jury waiver. The truth of the allegations was tried to a second jury which found them to be true.
The Supreme Court concluded that Saunders’s failure to object to the discharge of the first jury precluded appellate relief on the ground of statutory error; Saunders had forfeited his statutory right to the same jury. (People v. Saunders, supra, 5 Cal.4th at pp. 589-590.) “ ‘ “An appellate court will ordinarily not consider procedural defects or erroneous rulings, in connection with relief sought or defenses asserted, where an objection could have been, but was not, presented to the lower court by some appropriate method .... The circumstances may involve such intentional acts or acquiescence as to be appropriately classified under the headings of estoppel or waiver.... Often, however, the explanation is simply that it is unfair to the trial judge and to the adverse party to take advantage of an error on appeal when it could easily have been corrected at the trial.” ’ [Citation; italics in original.] ‘ “The purpose of the general doctrine of waiver is to encourage a defendant to bring errors to the attention of the trial court, so that they may be corrected or avoided and a fair trial had ....”’ [Citation.] ‘ “No procedural principle is more familiar to this Court than that a constitutional right,” or a right of any sort, “may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it.” [Citation.]’ [Citation.]” (Ibid.)
The Supreme Court continued: “ ‘The rationale for this rule [has been] aptly explained . . . : “ ‘In the hurry of the trial many things may be, and are, overlooked which would readily have been rectified had attention been called to them. The law casts upon the party the duty of looking after his legal rights and of calling the judge’s attention to any infringement of them. If any other rule were to obtain, the party would in most cases be careful to be silent as to his objections until it would be too late to obviate them, and the result would be that few judgments would stand the test of an appeal.’ ” ’ ” (People v. Saunders, supra, 5 Cal.4th at p. 590.) The Supreme Court noted that a different rule would permit defense counsel to “ambush” the trial court and the prosecutor and deprive the prosecution of its statutory right to prove the prior felony conviction allegation and enhance a defendant’s sentence. (Id. at pp. 590-591.)
When confronted with the argument that its holding would require the defense to bring to the trial court’s attention the prosecution’s failure to present evidence at the appropriate time, the Supreme Court replied, “[T]his argument . . . fails to consider that the issue of the prior conviction enhancement had been bifurcated from the issue of guilt at defendant’s request, and that the portion of the proceedings concerning the prior conviction *285 allegations had not yet begun when the jury was dismissed. Thus, our conclusion does not require the defense to remind the prosecution to present its evidence in a timely manner, but merely requires the defense to object to the discharge of the jury in the event it wishes to assert its statutory right to have the same jury that found defendant guilty also determine the truth of the prior conviction allegations.” {People v. Saunders, supra, 5 Cal.4th at p. 591, fn. 7.)
In my view, Saunders is dispositive of the issues raised in this case. Saunders establishes the following rule: Where a defendant has the statutory right to have a portion of the litigation heard in a bifurcated proceeding by the same jury, the defendant, at whose request the trial is bifurcated, may not assert his or her statutory right to have the same jury try the second phase of the trial, if the jury is discharged following the first phase without timely objection by the defendant. Otherwise, a defendant would be permitted to request bifurcation, remain silent when the jury is inadvertently discharged after the first phase and take advantage of the trial court and opposing counsel by preventing presentation of the second phase of the trial.
Although Saunders may certainly be distinguished from the facts of this case in some respects, the rule fashioned by the Supreme Court in Saunders is reasonably and equitably applied under these circumstances. The punitive damage phase of this litigation was bifurcated from the liability phase at the request of defendants. At the conclusion of the first phase, the jury determined liability in favor of one of the plaintiffs and awarded compensatory damages. The jury further determined that a defendant’s conduct had subjected her to punitive damages. In the excitement of the moment, plaintiff’s counsel simply forgot the second phase. There is nothing in the record to indicate that defense counsel similarly forgot the second phase. A clear implication from the record is that defense counsel was aware of the second phase, recognized the mistake and remained silent. Indeed, defense counsel did more than remain silent. When asked by the trial court if there was anything further, defense counsel affirmatively replied that there was nothing further.
Plaintiffs counsel, realizing his mistake as the jury was leaving, immediately tried to correct the problem, but to no avail. Thereafter, he diligently brought the matter to the attention of the trial court. The trial court ordered the second phase of the trial to begin either as a court trial or as a jury trial with a new jury. In my view, the trial court not only properly exercised its *286 discretion, but would have abused its discretion by refusing to permit plaintiff to present evidence as to punitive damages.[1]
I would deny the petition for writ of mandate or prohibition.

 It is true that plaintiff brought the matter to the trial court’s attention pursuant to the wrong motion. Plaintiff was certainly not entitled to a directed verdict for a specific amount of punitive damages and the trial court properly denied this motion. Plaintiff did request in the alternative that the jury be reconvened or a mistrial declared. Perhaps, plaintiff should have brought a motion to be relieved from default. The form of the motion is, however, not as important as its nature. In this case, the trial court properly divined the nature of the motion and properly ruled. The effect of the trial court’s ruling was simply to continue with the trial under the existing circumstances, either as a court trial or with a new jury for the second phase.